## George W. Murray, Appellee, v. Robert Burgess et al., Appellants.

### Gen. No. 22,735.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed March 26, 1917.

### Statement of the Case.

Action by George W. Murray, plaintiff, against Robert Burgess and others, defendants, to recover damages for breach of a contract of sale of certain colts. From a judgment for plaintiff for $2,650, defendants appeal.

BARNES, MAGOON & BLACK, for appellants; FREDERICK A. BANGS, of counsel.

KRAUS, HOLDEN & LAWLESS, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. CONTRACTS, § 12*—*when not unilateral.* Where, in consequence of a disputed registration of the pedigree of a certain stallion purchased by plaintiff from defendants, the parties entered into a contract of adjustment, which provided that should certain progeny of the stallion specified in the contract be refused registration the defendants would purchase same from the plaintiff at a specified price; that the defendants would also surrender to the plaintiff his note given in payment for a certain other stallion, for which such contract should stand as a bill of sale; that plaintiff would surrender to defendants the stallion, the registration of whose pedigree was in dispute, and reciting that defendants had paid to plaintiff a certain sum in full settlement

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Murray v. Burgess, 204 Ill. App. 482.

of all damages not enumerated arising from the sale to plaintiff of such stallion, and providing further that the plaintiff would not make or file any complaint as to such registration with a certain society, and the payment for damages specified was made, the stallion with the defective pedigree returned, and plaintiff's note returned, *held* that such contract was bilateral and not unilateral.

2. GAMING, § 2*—*what is not gambling contract.* A contract of adjustment relative to a controversy regarding the disputed registration of a certain stallion, which provides that should any of the progeny of such specified stallion be refused registration the sellers would purchase the same from the buyer at a specified price; that a note given in payment for another stallion should be returned, for which the contract should stand as a bill of sale; that the stallion with the defective pedigree should be returned, and reciting that the sellers had paid to the buyer a certain sum in full settlement of all damages not enumerated arising from the sale of such stallion, is not a wagering contract, although it was also agreed that the buyer would not make or file any complaint with a certain society as to such registration.

3. INSTRUCTIONS, § 151*—*when refusal proper.* Where a jury is sufficiently instructed on the law of a case, it is not erroneous to refuse other instructions, even though they may be correct in statement of principles of law applicable to the facts.

4. APPEAL AND ERROR, § 1241*—*when error in instructions may not be complained of.* A party cannot complain on appeal of an error in his opponent's instructions which exists also in his own.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.